IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HERSCHEL HINKLE,<br>　　Petitioner, | §<br>§<br>§ | |
| V. | § | A-06-CA-956-LY |
| | § | |
| NATHANIEL QUARTERMAN,<br>　　Respondent. | §<br>§<br>§ | |

**INTERIM REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

To:   The Honorable Lee Yeakel, United States District Judge

　　The Magistrate Judge submits this Interim Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

　　Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Document 8); Petitioner's response thereto (Document 13); and Respondent's reply (Document 16). After consideration of the above-referenced documents, the Court ordered Respondent and Petitioner to supplement their responses. Specifically, Respondent was ordered to provide the Court with an affidavit supported by the prison's Incoming Legal Mail Log to establish the date on which Petitioner received notice that his state application for habeas corpus relief was denied by the Texas Court of Criminal Appeals. Petitioner was ordered to file an affidavit in which he states the date on which he received notice that his state application for habeas corpus relief had been denied and the type of notice he received. In response to the Court's order Respondent has filed his Advisory

(Document 18), and Petitioner has filed his Affidavit (Document 19).  Petitioner moves to exclude (Document 20) exhibits attached to Respondent's Advisory.  Petitioner, proceeding pro se, has paid the appropriate filing fee.  For the reasons set forth below, the undersigned finds that Respondent's Motion to Dismiss should be denied.

## I.  STATEMENT OF THE CASE

**A.**     **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 390th Judicial District Court of Travis County, Texas, in cause number 3013666, styled The State of Texas v. Herschel Hinkle.  Petitioner was charged by indictment with the felony offense of intoxication manslaughter enhanced with two previous felony convictions.  After pleading guilty to the offense and true to the enhancement convictions, he was found guilty by a jury of the charged offense (habitual offender).  As a result, Petitioner was sentenced to life in prison.

Petitioner's conviction was affirmed on appeal, and his petition for discretionary review was refused.  Hinkle v. State, No. 03-03-361-CR (Tex. App. – Austin, March 11, 2004, pet ref'd).  Petitioner's petition for writ of certiorari was denied on October 3, 2005.  Petitioner also challenged his conviction in a state application for habeas corpus relief.  The state application was filed on September 27, 2006, and was denied by the Texas Court of Criminal Appeals on November 15, 2006.  Ex parte Hinkle, Appl. No. 66,281-01.

**B.**     **Petitioner's Grounds for Relief**

Petitioner alleges trial counsel rendered his plea of guilty involuntary and unknowing by failing to advise him of parole eligibility rules and by failing to prepare a defense for trial.

**C.     Exhaustion of State Court Remedies**

Respondent does not concede that Petitioner has exhausted his state court remedies regarding the claims brought in this application. Rather Respondent reserves the right to address the exhaustion issue should his request to dismiss as time-barred be denied.

## II.  DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

**B.     Application**

Petitioner's conviction became final on October 3, 2005, when the Supreme Court denied his petition for writ of certiorari. Hinkle v. Texas, 126 S. Ct. 101 (2005). Petitioner filed a state application for habeas corpus relief on September 27, 2006. The Texas Court of Criminal Appeals denied the state writ on November 15, 2006. At the time the Texas Court of Criminal Appeals denied his state writ, only six days remained of the one-year limitations period. Therefore, Petitioner had until November 21, 2006, to timely file his federal application.

Respondent provides the Court with the prison's mail log indicating Petitioner's federal writ was mailed to the Court on November 28, 2006. Therefore, Respondent concludes Petitioner's federal application was untimely filed.

Petitioner responds he signed and dated his federal application on November 16, 2006, and deposited his application in the Coffield Unit mail receptacle on that same day. Petitioner provides affidavits of three other inmates, who attest that Petitioner mailed his habeas application on November 16, 2006. Petitioner points out the prison mail log simply records the date on which prison mailroom personnel place a prisoner's mail into the outgoing United States mail. Petitioner argues nothing in the mail logs certify or provide evidence of the date on which a petitioner actually deposits his petition in the prison mail receptacle. Petitioner maintains the time from placing his federal petition in a mail receptacle until prison officials mailed it to the Court is not within his control. Alternatively, Petitioner argues he is entitled to equitable tolling.

Curious as to how Petitioner learned by November 16, 2006, that his state application had been denied on November 15, 2006, the Court ordered Respondent and Petitioner to supplement the records in this case. According to the TDCJ Incoming Mail Logs, Petitioner received notices from

the Texas Court of Criminal Appeals on November 14, 2006, and November 22, 2006. Because his state writ was denied on November 15, 2006, the Court assumes Petitioner received written notice from the Texas Court of Criminal Appeals on November 22, 2006, that his state application had been denied. Petitioner does not recall the precise date on which he received his written notice from the Texas Court of Criminal Appeals. However, he swears under penalty of perjury that he received the "white card" well after he had mailed his federal petition. Petitioner explains he was informed by his mother, who had diligently contacted the clerk's office, that his application would be heard on November 15, 2006. According to Petitioner, he prepared his federal habeas petition and mailed it to the federal court on November 16, 2006, based on his belief that his state habeas application would be denied. Petitioner acknowledges, had he waited on his "white card" notice, he would have lost his right to have his conviction reviewed in federal court.

After consideration of Petitioner's affidavits and the affidavits of three fellow inmates, the Court is of the opinion Petitioner's application was timely filed. The Court agrees with Petitioner that the prison's outgoing mail logs do not provide evidence as of the date an inmate places his legal mail in the prison's mail receptacles for mailing. Because Petitioner's federal application was timely filed, Respondent's Motion to Dismiss should be denied.

### III. RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [#8] be denied, Petitioner's "Motion to Exclude" [#20] be denied, and Respondent be ordered answer within 20 days after the acceptance of this Interim Report and Recommendation.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of May, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE